## Pike Cafe Inc. v.
## Pennsylvania Liquor Control Board

*Felix Thau,* for Pennsylvania Liquor Control Board.

*Pike Cafe Inc.,* for appellant.

SCHAEFFER, *P.J.,* December 29 1987—At all times material to these proceedings, the Pike Cafe Inc. held Pennsylvania Liquor License No. TR 426. Between April 10, 1986, and June 26, 1986, the Pennsylvania Liquor Control Board investigated the Pike Cafe. As a result of that investigation, the PLCB learned that Michael Pullano was tending bar at the Pike Cafe on May 30, June 4, and June 26, 1986. The PLCB cited the Pike Cafe for violating the Liquor Code in that it employed the said Michael Pullano, a known criminal. After a hearing, the PLCB found as a fact that Mr. Pullano was a known criminal and suspended the Pike Cafe's liquor license for a period of three days and continuing thereafter until the Pike Cafe discharged Mr. Pullano from his employment.

The PLCB found that on April 9, 1979, Mr. Pullano was convicted of driving under the influence of alcohol and possessing less than 30 grams of marijuana and sentenced to one-year probation on the driving under the influence charge and 30 days probation on the marijuana charge. On April 24, 1980, Mr. Pullano was convicted of possessing cocaine and also of possessing less than 30 grams of marijuana. He was sentenced to serve not less than 4 nor more than 12 months in the Berks County prison on the cocaine charge, and not less than 15 nor more than 30 days on the marijuana charge. He

completed each of his sentences. He has not been convicted of any other charge since that time.

No evidence was offered as to Mr. Pullano's reputation in the community as a criminal.

Based on this record, the PLCB, on November 5, 1986, found that Mr. Pullano was a known criminal.

We find the PLCB abused its discretion and committed an error of law in so finding. A known criminal is a person who, by a course of conduct, manner of living and prior criminal record, had demonstrated that he has not reformed, but remains a law violator and continues to engage in anti-social conduct. The words "known criminal" impute moral turpitude and not some minor infraction of the law. A known criminal is a person whose criminality has been so notorious and of such a serious nature that he is readily identifiable in the public mind as a *persistent* law violator. *Cardamones Appeal,* 63 Lackawanna L.J. 49 (1961).

While we recognize that driving under the influence of alcohol and possession of drugs are not minor infractions of the law, but serious crimes, we, nevertheless, conclude that as a matter of law a person convicted of those crimes more than six years prior to that person's employment by a PLCB licensee, with no other offenses whatsoever, and with no evidence of a well known and notorious reputation in the community as a criminal, is not a known criminal.

Accordingly, we enter the following

## ORDER

And now, this December 29, 1987, the order of the Pennsylvania Liquor Control Board entered on October 23, 1987, is reversed and set aside, and the

132

citation against the Pike Cafe Inc. for employing a known criminal on May 30, June 4 and June 26, 1986, is dismissed.

Costs upon the Pennsylvania Liquor Control Board.